# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSE HOLZ

### DEFENDANTS
THE UPS STORE, 6025

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103   215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Nature of suit: **442 Employment** (checked)

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

**DATE** 01/04/2021

**SIGNATURE OF ATTORNEY OF RECORD**
Sidney L. Gold, Esquire
Digitally signed by Sidney L. Gold, Esquire
Date: 2021.01.04 09:24:33 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3260 Emery Street, Philadelphia, PA 19134__

Address of Defendant: __1229 Chestnut Street, Philadelphia, PA 19107__

Place of Accident, Incident or Transaction: __1229 Chestnut Street, Philadelphia, PA 19107__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/04/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __01/04/2021__    __/s/ Sidney L. Gold, Esq.__    __21374__
       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JESSE HOLZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| THE UPS STORE, 6025 | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)

| | | |
|---|---|---|
| 01/04/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE HOLZ, | CIVIL ACTION NO.: |
| *Plaintiff,* | |
| v. | |
| THE UPS STORE, 6025 | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT AND JURY DEMAND

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Jesse Holz ("Plaintiff"), a former employee of Defendant, The UPS Store, 6025 ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2. This action arises under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.   JURISDICTION AND VENUE:**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff's claims are substantively based on the ADA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action. On October 19, 2020 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

**III.   PARTIES:**

6.      Plaintiff, Jesse Holz ("Plaintiff Holz"), is a citizen of the Commonwealth of Pennsylvania, residing therein at 3260 Emery Street, Philadelphia, PA 19134.

7.      Defendant, The UPS Store, 6025 ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintaining a place of business therein at 1229 Chestnut Street, Philadelphia, PA 19107.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the ADA and PHRA, and is accordingly subject to the provisions of each said act.

**IV.   STATEMENT OF CLAIMS:**

10.     Plaintiff Holz, was employed by the Defendant from on or about October 8, 2018 until on or about November 16, 2018, the date of his unlawful termination.

11. During the course of his employment, Plaintiff Holz held the position of Store Manager, and at all times maintained an excellent job performance rating in said capacity.

12. As Store Manager, Plaintiff Holz reported directly to Khalid Rashid ("Rashid"), Owner.

13. By way of background, in or about 2017, Plaintiff Holz sought treatment for his continuing knee pain and was diagnosed with Stage Three (3) Chondromalacia Patellae, which causes the cartilage on the undersurface of the patella to deteriorate and soften. Said medical condition constitutes a disability pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff Holz's major life activities, including, but not limited to, standing, walking, kneeling, bending, squatting, stooping and crawling.

14. On or about October 1, 2018, Plaintiff Holz interviewed for a position with Defendant as a Store Manager. During said interview, Rashid detailed the requirements of the role, indicating that it was not necessary for the Store Manager to stand for long periods of time.

15. Thereafter, on or about October 4, 2018, Rashid offered the Store Manager position to Plaintiff Holz and further explained the requirements of the position. Again, Rashid listed duties that would typically be done while seated, and at no point was Plaintiff Holz informed that there may be a requirement that he stand for long periods of time.

16. On or about October 8, 2018, Plaintiff Holz commenced his employment with Defendant.

17. Shortly thereafter, contrary to Rashid's abovementioned representations, on or about October 9, 2018, Plaintiff Holz was ordered to stand at the front of the store for approximately five (5) hours without breaks. As a result, Plaintiff Holz suffered from the exacerbated symptoms of his disability and was barely able to walk by the end of his shift.

18. In connection thereto, on or about October 11, 2018, Plaintiff Holz disclosed his disability to Rashid. Further, on the same date, Plaintiff Holz requested reasonable accommodations from Rashid and provided him with a list of restriction proscribed by Plaintiff's physician, including limitations on time spent standing. In response to Plaintiff's request, Rashid stated "Well, I don't know if this is possible. I think I might need you to stand all day," thereby failing to engage in the interactive process.

19. Remarkably, when Plaintiff Holz reiterated his request for a reasonable accommodation based on his restrictions, Rashid responded that "I wouldn't have hired you had I know this," evidencing Rashid's discriminatory animus towards Plaintiff based on his disability (Chondromalacia Patellae-Stage Three). Defendant failed to grant Plaintiff Holz's request at that time.

20. Thereafter, throughout the remainder of October of 2018, Plaintiff Holz was required to stand at the front of the store for multiple hours at a time, further worsening the symptoms associated with his disability. Despite Plaintiff's continued

4

requests for accommodation during this period, Defendant and Rashid refused to engage in the interactive process with Plaintiff Holz.

21. On or about October 25, 2018, Rashid met with Plaintiff Holz to praise him on his work performance during his first month of employment with Defendant. During said meeting, Rashid also informed Plaintiff Holz that he expected Plaintiff Holz to spend the "majority" of his shift standing at the front of store. Plaintiff Holz once again requested a reasonable accommodation for his disability, however, Rashid failed to grant said request.

22. Subsequently, on or about November 2, 2018, Plaintiff Holz sent an email to Rashid once again requesting reasonable accommodations for his disability.

23. On the same date, Rashid contacted Plaintiff Holz via telephone in order to discuss the abovementioned email. During said phone conversation, Rashid stated that "perhaps this wasn't the right job for [Plaintiff Holz]" and that maybe Plaintiff should "look for employment elsewhere," indicating both Rashid's refusal to engage in the interactive process and Rashid's discriminatory animus towards Plaintiff Holz based on his disability (Chondromalacia Patellae-Stage Three).

24. Additionally, on the same date, on or about November 2, 2018, Plaintiff Holz injured his side while moving boxes at Defendant's workplace as a complication of his pre-existing disability (Chondromalacia Patellae- Grade Three). Plaintiff Holz was later diagnosed with a Thoracic and Intercostal Muscle Strain. Said medical conditions constitute a disability pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more

of the Plaintiff Holz's major life activities, including, but not limited to, standing, walking, kneeling, bending, squatting, stooping and crawling.

25. On or about November 3, 2018, Plaintiff Holz informed Rashid of his muscle strain injuries and their connection with Defendant's failure to grant Plaintiff Holz a reasonable accommodation for his pre-existing disability (Chondromalacia Patellae-Stage Three). Thereafter, Plaintiff Holz requested light duty work as an accommodation for his disabilities. In response, Rashid forced Plaintiff Holz to commence a leave of absence from on or about November 3, 2018 through on or about November 13, 2018, refusing to grant Plaintiff Holz light duty work.

26. When Plaintiff Holz returned to work on or about November 14, 2018, Rashid and Defendant's employees ignored Plaintiff Holz and refused to converse with him. Further, Plaintiff Holz was denied access to the back computer on which Plaintiff Holz completed his tasks.

27. The following day, on or about November 15, 2018, Rashid again instructed Plaintiff Holz to stand at the front of the store despite Plaintiff's numerous requests for reasonable accommodation, further worsening the symptoms of Plaintiff's disabilities.

28. More importantly, on November 15, 2018, Rashid accused Plaintiff Holz of having an "agenda" and that Plaintiff Holz was only "out to sue him." Further, Rashid stated that Plaintiff Holz's November 2, 2018 email, which discussed legal action for Defendant's failure to engage in the interactive process, had "really changed things," insinuating that Rashid was retaliating against Plaintiff Holz for his requests for

reasonable accommodation. Rashid concluded the meeting by stating that he was going to "contact his lawyer and figure out a way to fire [Plaintiff]."

29. Thereafter, on or about November 16, 2018, Defendant abruptly terminated Plaintiff Holz's employment because he was "not a good fit for the Company," listing alleged "events" that led to the termination.

30. Plaintiff Holz believes and avers that the Defendant's articulated reason for his termination is pretextual and that he was actually terminated on his actual and/or perceived disabilities and/or record of impairments (Chondromalacia Patellae- Grade Three; Thoracic Muscle Strain; Intercostal Muscle Strain) and/or in retaliation for requesting a reasonable accommodation for his disabilities and/or exercising his legal right to retain counsel.

## COUNT I
### (ADA – Disability Discrimination, Failure to Accommodate, Failure to Engage in the Interactive Process)
### Plaintiff Holz v. Defendant

31. Plaintiff Holz incorporates by reference paragraphs 1 through 30 of his Complaint as though fully set herein.

32. The actions of the Defendant, through its agents, servants, and employees, in discriminating against Plaintiff Holz on the basis of his actual and/or perceived disabilities and/or record of impairments, failing to engage in the interactive process, and failing to provide reasonable accommodation for his disability, constituted violations of the ADA.

33. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Holz sustained permanent and irreparable harm, resulting in his termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

34. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Holz suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (ADA – Retaliation)
### Plaintiff Holz v. Defendant

35. Plaintiff incorporates by reference paragraphs 1 through 34 of his Complaint as though fully set forth herein.

36. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff Holz for requesting a reasonable accommodation constituted a violation of the ADA.

37. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Holz sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

38. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Holz suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (PHRA – Disability Discrimination, Failure to Accommodate, Failure to Engage in the Interactive Process)
### Plaintiff Holz v. Defendant

39. Plaintiff Holz incorporates by reference paragraphs 1 through 38 of his Complaint as though fully set forth herein.

40. The actions of the Defendant, through its agents, servants and employees, in discriminating against Plaintiff Holz on the basis of his actual and/or perceived disability and/or record of impairment, failing to engage in the interactive process, and failing to provide reasonable accommodations for his disability, constituted violations of the PHRA.

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holz sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

42. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holz suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
## (PHRA - Retaliation)
## Plaintiff Holz v. the Defendant

43. Plaintiff incorporates by reference paragraphs 1 through 42 of his Complaint as though fully set forth herein.

44. The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Holz for requesting a reasonable accommodation in the workplace constituted a violation of the PHRA.

45. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holz sustained permanent and irreparable harm resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

46. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holz suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

47. Plaintiff Holz incorporates by reference paragraphs 1 through 46 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Holz requests that this Court enter judgment in his favor and against the Defendant, and order that:

      a.      Defendant compensate Plaintiff Holz with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination.

      b.      Defendant compensate Plaintiff Holz with an award of front pay, if appropriate;

      c.      Defendant pay to Plaintiff Holz punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

      d.      Defendant pay to Plaintiff Holz, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                      SIDNEY L. GOLD & ASSOC., P.C.

By:    /s/ Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. No.:  21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

DATE:  January 4, 2021

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 12-28-2020

_____
JESSE HOLZ, PLAINTIFF